UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IGNACIO RODRIGUEZ SOTOLONGO,

     Petitioner,

  v.                         Case No. 2:26-cv-899-JES-DNF

WARDEN, GLADES COUNTY
DETENTION, et al.,

     Respondents.
_____

**<u>OPINION AND ORDER</u>**

Before the Court are Petitioner Ignacio Rodriguez Sotolongo's pro se petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 4). For the following reasons, the petition is denied.

Rodriguez Sotolongo is a native and citizen of Cuba. (Doc. 4 at 1). He entered the United States under an advanced humanitarian parole, which expired on March 25, 1995. (Doc. 4-1 at 12). He has lived in the United States for 30 years and has a United States citizen daughter. (Doc. 1 at 11.) Rodriguez Sotolongo has an extensive criminal record including arrests for felony hit and run, resisting an officer without violence, burglary, possession with intent to distribute cocaine, burglary with assault or battery, battery, grand theft of a motor vehicle, and aggravated assault with a deadly weapon. (Doc. 4-1 at 12).

Rodriguez Sotolongo was arrested and taken into immigration custody on December 9, 2025, after Border Patrol Agents encountered him and other subjects on board a vessel near Key West, Florida. (Doc. 4-1 at 12).  He is currently detained at the Glades County Detention Center.  (Id.)  Rodriguez Sotolongo received a bond hearing on March 6, 2026, but the immigration judge denied bond on the ground that "Respondent failed to meet his burden to establish that he does not present a danger to the community."  (Doc. 1-1 at 10).

Alonzo Izaguirre argues that the denial of his bond "was unsupported by any evidence in the record" and that the immigration judge "failed to articulate any factual basis demonstrating that Petitioner presents a danger to the community rendering the continued detention arbitrary and constitutionally deficient." (Doc. 1 at 14).  He seeks another bond hearing.

The proper way to challenge the result of the bond hearing is an appeal to the Board of Immigration Appeals, not a habeas action. See 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Accordingly, Rodriguez Sotolongo's petition (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3